IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| JOHN BERGMAN,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>Serve at:<br>C T Corporation System<br>208 S La Salle St., Ste. 814<br>Chicago, IL 60604<br><br>Defendant. | Cause No<br><br>Division<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW John Bergman ("Plaintiff"), by and through his undersigned counsel, and for his petition states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

1

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is also proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the debt arose from a bill for allegedly unreturned equipment belonging to Charter Communications ("Charter").

6. Plaintiff has a bona-fide dispute regarding the debt. Plaintiff paid the alleged debt to Charter to avoid any risk of negative credit reporting, even though the balance alleged is not accurate to the best of Plaintiff's understanding as it overstates any amount that could be due or owing to Defendant or to Charter. The debt is a fabricated sum due for allegedly unreturned equipment belonging to Charter. In reality, all equipment was returned and there was never any balance due to begin with and Defendant has always known this to be the case.

7. Defendant I.C. System, Inc. ("Defendant") is a foreign corporation with its principal place of business outside of Missouri.

8. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

2

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by both of the FDCPA's guidelines for what constitutes a debt collector.  15 U.S.C. § 1692a(6).

## FACTS

10. Prior to August of 2018, Plaintiffs were Charter customers.  They paid their bill on time every month and never owed any kind of deficiency balance to Charter.

11. In August of 2018, during the process of moving homes, Plaintiff and his wife, Jennifer, sent back all equipment related to their internet service at their previous home to Charter Communications.  Plaintiff and his wife put the equipment in their vehicle and drove it to Charter's St. Louis office near the intersection of Clayton Road and Highway 141.  Charter accepted the equipment, logged it as returned, and Plaintiffs went on their way.

12. Over the course of the next two years, up until August of 2020, Plaintiff was never informed by Charter he was being charged for alleged "unreturned equipment" stemming from the move in August of 2018.

13. Prior to August of 2020, Plaintiff had a perfect credit rating.

14. In August of 2020, Plaintiff received a collection letter from Defendant stating a balance due of $118.00 for a bill originating from Charter.

15. This collection letter was shocking to Plaintiff, as he was never made aware of an outstanding alleged debt owed to Charter until he received Defendant's collection letter.

16. Plaintiff believed the balance to be suspicious for the reasons stated above.

3

17. Shortly after receiving Defendant's collection letter, Plaintiff and his spouse called Charter to gather more information about the alleged debt in August of 2020.

18. Charter's customer service was not helpful. During this call, in an effort to simply resolve the issue and preserve his perfect credit rating, Plaintiff paid Charter $118.00, the balance listed on Defendant's collection letter.

19. Thereafter, upon information and belief and as required by Charter's contract with Defendant, Charter reported the payment in full to Defendant.

20. Nonetheless, despite no balance being due, On October 7, 2020, Defendant reported the alleged debt on Plaintiff's credit report, causing Plaintiff's credit score to plummet just as he was attempting to refinance his home.

21. Shortly after noticing the alleged debt on his credit report, Plaintiff called Charter once again to confirm payment and to confirm Defendant had been notified the debt was paid off.

22. Charter confirmed to Plaintiff the payment had been made and that Charter had notified Defendant the debt was resolved.

23. Upon receiving confirmation from Charter, Plaintiff called Defendant in an effort to have the debt removed from his credit report. Plaintiff put Charter and Defendant on a 3-way call so that Charter could confirm that there was no debt due and owing.

24. Defendant, despite having been notified by the original creditor the debt was resolved, still refused to take the debt off Plaintiff's credit report and demanded payment from Plaintiff.

Electronically Filed - City of St. Louis - November 06, 2020 - 01:00 PM

25. Plaintiff, in a last ditch attempt to have the debt removed, disputed the debt with TransUnion, Experian, and/or Equifax in October of 2020.

26. In response, Defendant reported in October of 2020 to the credit bureaus that the debt was accurate and that Plaintiff did in fact owe it, despite Charter and Plaintiff notifying Defendant multiple times the debt had been resolved.

27. Defendant continues to contact Plaintiff to demand payment and continues to report the Charter debt against Plaintiff.

28. Defendant's above-described conduct has caused Plaintiff to incur actual damages including, but not limited to: attorneys' fees, harassment, an artificially depressed credit rating, missed financial opportunities connected with the failed refinance attempt, anxiety, frustration, and worry.

29. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

    a. Plaintiff has been deprived of his statutorily created right, as per the FDCPA, to truthful information about the debt.

    b. Plaintiff has been deprived of his statutorily created right, as per the FDCPA, to cessation of collection activity once a debt has been resolved.

30. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant continued to report on Plaintiff's credit report after being informed multiple times the debt had been resolved.

31. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this

Court.

## COUNT I: VIOLATION OF THE FDCPA

32.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

33.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a.      Falsely representing the character, amount, or legal status of the alleged debt and the amount of the debt.  15 U.S.C. § 1692e; and

    b.      Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including, but not limited to, refusing to stop credit reporting on a debt that had been resolved.  15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.      Judgment that Defendant's conduct violated the FDCPA;

    B.      Actual damages in an amount to be determined by the jury;

    C.      Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    D.      For such other relief as the Court may deem just and proper.

Electronically Filed - City of St. Louis - November 06, 2020 - 01:00 PM

Electronically Filed - City of St. Louis - November 06, 2020 - 01:00 PM

Respectfully submitted,

**ROSS & VOYTAS, LLC**


 By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorney for Plaintiff

Case: 4:20-cv-01749-SRC   Doc. #: 1-1   Filed: 12/09/20   Page: 8 of 16 PageID #: 11



**SPECIAL PROCESS SERVER**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number: 2022-AC10278 | Special Process Server 1<br><br>M A JONES |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN EDWARD BERGMANN<br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO 63131<br>(314) 394-0605 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>I.C. SYSTEM, INC. | | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>16-DEC-2020 09:30 AM<br>Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to: I.C. SYSTEM, INC.
Alias:
208 S LA SALLE ST., SUITE 814
CHICAGO, IL 60604

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court physically if the court is open to the public or virtually if not on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.**Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court. **
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

November 6, 2020
Date

Further Information:

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.
I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state)
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
   _____ (name) _____ (title).
   ☐ other: _____

Served at _____ (address) in _____ County,
_____ (state) on this _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* Document ID# 20-ASOS-541      1 of 2   (2022-AC10278)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510, 517.041 RSMo

28

## Information For Virtual Appearances via Webex Associate Circuit Civil Cases – Page 1

During the Coronavirus pandemic ( COVID-19) , **the 22st Judicial Circuit (St. Louis City) has** remained open and operational with limited access for in-person appearances pursuant to Missouri Supreme Court Orders and Operational Directives.  Until further court order, all associate civil cases pending in **Divisions 28** will be conducted virtually via the **Webex** or other court approved video technology.

In order to participate through **Webex** or other court approved video technology, you **MUST** have a valid email address or access to a phone.

You may appear in one of three ways:

1. Attend by **Webex** or other court approved video technology (computer or smart phone);
2. Attend by **Webex** or other court approved audio technology (telephone);
3. **Only appear in person if you have been informed that Division 28 will conduct in person proceedings on the date your hearing is set.**
To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours.
You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the three methods above, a default judgment may be entered against you.**

To appear at the Webex hearing please follow the steps below:

Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection with the Meeting Number/Access Code 961 544 759

**URL:**
https://mocourts.webex.com/join/nicole.colbert-botchway

**Meeting Number:**
961 544 759

**Video Address:**
nicole.colbert-botchway@mocourts.webex.com

**Audio connection:**
United States Toll +1-408-418-9388

**Access code:**
961 544 759

## Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2

1. The **WebEx** app is free and available through all phone app stores, such as the Google Play store or iTunes. The call in number is a toll call.
2. At the time of your scheduled hearing, you should log into **Webex** or call in using the audio connection above.
3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185**.
4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.
5. Until your next court date, please consider the following:

   - You can monitor the status of your case online on CaseNet at www.courts.mo.gov. Use the "Track this Case" feature to automatically receive emails or text messages about your case.

   - **Before coming to the courthouse**, please check the St. Louis City Circuit Court website at **www.stlcitycircuitcourt.com** to determine whether the courthouse will be open on the day of your scheduled court hearing.

   - To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

   - You have the right to hire an attorney to represent you.

   - Attorneys must **mark and** e-file all documents.

   - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or **when the Court is open to the public** come in person to the St. Louis **City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.**

   - Parties are encouraged, but in no way required, to engage in settlement discussions regarding their cases. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgement must be signed by all the parties and dated.

Electronically Filed - City of St. Louis - November 06, 2020 - 01:00 PM

**2022-AC10278**

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**



⌐                              ¬

For File Stamp Only

JOHN BERGMAN
_____
Plaintiff/Petitioner

November 6, 2020
_____
Date

vs.

I.C. SYSTEM, INC.
_____
Defendant/Respondent

_____
Case number

_____
Division

└                              ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff _____, pursuant
                      Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Michael A. Jones | 4101 S. Halsted Street, Suite 9191 | 773-776-6610
Name of Process Server | Address | Telephone
 | Chicago, IL 60609 |

_____ | _____ | _____
Name of Process Server | Address | Telephone

_____ | _____ | _____
Name of Process Server | Address | Telephone

to serve the summons and petition in this cause on the below named parties.

**SERVE:**
C T Corp. System - Rgt. Agt. for I.C. System
_____
Name
208 S La Salle St., Suite 814
_____
Address
Chicago, IL 60604
_____
City/State/Zip

**SERVE:**
_____
Name
_____
Address
_____
City/State/Zip

**SERVE:**
_____
Name
_____
Address
_____
City/State/Zip

**SERVE:**
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _OD_____
Deputy Clerk

_11-6-20_____
Date

/s/ Richard A. Voytas, Jr.
_____
Attorney/Plaintiff/Petitioner
52046
_____
Bar No.
12444 Powerscourt Dr., Ste 370, St. Louis, MO
_____
Address
3143940605
_____
Phone No.

2022-AC10278

Electronically Filed - City of St. Louis - November 06, 2020 - 01:00 PM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

JOHN BERGMAN
Plaintiff/Petitioner

vs.

I.C. SYSTEM, INC.
Defendant/Respondent

Date: November 6, 2020

Case number: _____

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff_____, pursuant
         Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Michael A. Jones | 4101 S. Halsted Street, Suite 9191 | 773-776-6610 |
| Name of Process Server | Address | Telephone |
|  | Chicago, IL 60609 |  |
| Name of Process Server | Address | Telephone |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

**SERVE:**
Name: C T Corp. System - Rgt. Agt. for I.C. System
Address: 208 S La Salle St., Suite 814
City/State/Zip: Chicago, IL 60604

**SERVE:**
Name: _____
Address: _____
City/State/Zip: _____

**SERVE:**
Name: _____
Address: _____
City/State/Zip: _____

**SERVE:**
Name: _____
Address: _____
City/State/Zip: _____

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
    Deputy Clerk

_____
Date

/s/ Richard A. Voytas, Jr.
Attorney/Plaintiff/Petitioner
Bar No.: 52046
Address: 12444 Powerscourt Dr., Ste 370, St. Louis, MO
Phone No.: 3143940605

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

    a. Is twenty-one years of age or older;

    b. Has a high school diploma or an equivalent level of education;

    c. Has insurance coverage for any errors or omissions occurring in the service of process;

    d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

    e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - November 06, 2020 - 01:00 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - December 08, 2020 - 04:21 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| JOHN BERGMAN, | |
| Plaintiff, | Case No 2022-AC10278 |
| v. | Division     28 |
| I.C. SYSTEM, INC., | |
| Defendant. | |

**NOTICE OF CHANGE OF ADDRESS**

PLEASE TAKE NOTICE that the address of the undersigned and Ross & Voytas, LLC has changed to 2242 S. Brentwood Blvd., St. Louis, MO 63144. The remainder of the undersigned's contact information remains the same.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
2242 S Brentwood Blvd.
St. Louis, MO 63144
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorney for Plaintiff

1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by operation of the electronic filing system pursuant to Rule 103.08 and Court Operating Rule 27.01 this 8th day of December, 2020.

<div style="text-align: right;">/s/ Richard A. Voytas, Jr</div>

2